IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CANDACE MAXINE WOOD, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.10-CV-248-GKF-FHM |
| ) | |
| CASE & ASSOCIATES PROPERTIES, INC., ) | |
| a foreign corporation, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter comes before the court on the Motion to Dismiss of defendant Case & Associates Properties, Inc. ("Case") [Doc. No. 12] filed pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

**I. Background/Procedural Status**

Case hired plaintiff Candace Maxine Wood ("Wood") as a Statement Clerk in 1998. [Doc. No. 2, Complaint, ¶9]. In 2001, she became a Statement Research Clerk. [*Id.,* ¶10]. In October of 2008, plaintiff had a hip replacement, prompting her to take an extended leave of absence under the Family Medical Leave Act. [*Id.,* ¶11]. She returned to work on January 19, 2009. [*Id.,* ¶11]. On February 19, 2009, Case terminated Wood's employment, allegedly based on attendance. [*Id.,* ¶16].

Wood submitted pre-charge information with the United States Equal Employment Opportunity Commission and on August 5, 2009, signed a Charge of Discrimination, alleging Case discharged her in violation of Title I of the Americans with Disabilities Act of 1990 ("ADA"). [*Id.,* ¶8; Doc. No. 132, Charge of Discrimination]. The Charge does not allege that Case failed to make reasonable accommodations to her known physical limitations. The EEOC

completed its investigation and issued a Right to Sue letter on January 21, 2010, which Wood received on or about January 25, 2010. [Doc. No. 2, ¶8].

The complaint filed by Wood asserts three claims for relief. The first claim for relief alleges Case violated the ADA by failing to make reasonable accommodations to the known physical limitations of plaintiff. The second claim for relief asserts her termination was based on her disability, in violation of the ADA. The third claim for relief alleges her termination violated Oklahoma's Anti-Discrimination Act ("OADA"), 25 O.S. §1001, *et seq.*

Case asserts the first claim for failure-to-accommodate was not raised in the EEOC charge; thus, plaintiff failed to exhaust administrative remedies and the court lacks jurisdiction and the claim should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1). It contends the third claim for alleged violation of OADA should be dismissed pursuant to Rule 12(b)(6) because the statute does not create a private right of action for alleged disability-based discrimination against private employers who are not recipients of federal funds.

## II. Analysis

### A. First Claim for Relief

In her first claim for relief, plaintiff alleges that she is a disabled person as defined by the ADA or alternatively was perceived as a disabled individual or had a record of having such impairment; that she was qualified–with our without reasonable accommodation–to perform the essential functions of her job position; and that she attempted to engage in the informal, interactive process in which she sought a reasonable accommodation from Case to alleviate the effects of her disabling condition and to continue working. Further she alleges that defendant purported to engage in the deliberative process with plaintiff, but failed to provide a reasonable

period of time to complete the deliberative process and failed to provide any accommodation to her after appropriate accommodations were recommended to defendant by its agents and/or employees, in violation of the ADA, 42 U.S.C. §§12101, *et seq.* [Doc. No. 2, ¶¶20-26]. Case contends plaintiff did not allege any failure-to-accommodate claim in the EEOC charge; thus, the claim is jurisdictionally barred.

In considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1), the court must determine whether it has subject matter jurisdiction over the parties' claims. Rule 12(b)(1) motions are either facial or factual attacks on the sufficiency of the complaint:

> Under a facial attack, the movant merely challenges the sufficiency of the complaint, requiring the district court to accept the allegations in the complaint as true. In a factual attack...however, the movant goes beyond the allegations of the complaint and challenges the facts upon which subject matter jurisdiction depends. In such a situation, the court must look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence under Rule 12(b)(1).

*Paper, Allied-Industrial, Chemical and Energy Workers Int'l Union v. Cont'l Carbon Co.,* 428 F.3d 1285, 1292 (10th Cir. 2005) (citations omitted). Ordinarily, a court need not convert a 12(b)(1) motion to one for summary judgment when considering matters outside the pleadings. *Holt v. United States,* 46 F.3d 100, 1003 (10th Cir. 1995). However, "a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case." *Id.* Where–as here–the jurisdictional issue is exhaustion of administrative remedies for a discrimination claim, subject matter jurisdiction is not intertwined with the merits. *See Sivoza v. Nat'l Inst. of Standards & Tech.,* 282 F.3d 1320, 1324-25 (10th Cir. 2001).

"In the Tenth Circuit, exhaustion of administrative remedies is a jurisdictional prerequisite to suit." *Jones v. United Parcel Service, Inc.,* 502 F.3d 1176, 1183 (10th Cir. 2007).

The first step to exhaustion is the filing of a charge of discrimination with the EEOC. *Id.* EEOC regulations require that a charge should contain "a clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices." 29 C.F.R. §1601.12(a)(3). Nevertheless, "a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R.§1601.12(b).

The next step in determining whether a plaintiff as exhausted her administrative remedies is to determine the scope of the allegations raised in the EEOC charge. "[A] plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *Jones,* 502 F.3d at 1186. The court in *Jones* cautioned:

> Although charges filed with the EEOC will be liberally construed in determining whether administrative remedies have been exhausted as to particular claim, our inquiry is limited to the scope of the administrative investigation that can reasonably be expected to follow from the discriminatory *acts* alleged in the administrative charge. In other words, the charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim; this follows from the rule that "each discrete incident" of alleged discrimination or retaliation "constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted."

*Id.* quoting *Martinez v. Potter,* 347 F.3d 1208, 2210 (10th Cir. 2003).

Plaintiff was pro se when she filed her EEOC charge and the formal charge was prepared by the agency. Citing *Federal Express Corporation v. Holowecki,* 552 U.S. 389 (2008), plaintiff contends that a formal charge of discrimination is not the only document capable of defining what claims have been identified by an aggrieved worker, and she urges the court to review the intake questionnaire she submitted to EEOC and other documents contained in the EEOC charge

file.[1]  In *Holowecki,* the court rejected a rule, urged by the employer, that would have put the burden on the employee to ensure strict compliance with the EEOC's procedural rules.  *Id.* at 405-07, and concluded, "Documents filed by an employee with the EEOC should be construed, to the extent consistent with permissible rules of interpretation, to protect the employee's rights and statutory remedies." *Id.* at 406.  The court agreed with the agency's position that "a filing is deemed a charge if the document reasonably can be construed to request agency action and appropriate relief on the employee's behalf." *Id.* at 404.  It concluded that an intake questionnaire and affidavit submitted by an employee constituted a charge.  *Id.*

*Holowecki* requires this court to consider whether plaintiff's filings put the EEOC on notice that it should take action on a claim of failure-to-accommodate.  Therefore, the court orders the parties to file, on or before November 19, 2010, any additional evidence they wish the court to consider.  The court will defer ruling on defendant's Rule 12(b)(1) motion to dismiss the first claim for relief until after that date.

## B.  Third Claim for Relief

Plaintiff's Third Claim for Relief asserts her termination violated the Oklahoma Anti-Discrimination Act, 25 O.S. §1101 *et seq.* ("OADA"), which prohibits discrimination in employment based on race, color, religion, sex, national origin, age or handicap.  The OADA confers on individuals a right of action against employers for violations of the Act.  15 O.S. §1901.

The general purposes statement of the OADA, 25 O.S. §1101, *et seq.,* states:

---

[1]Plaintiff indicated in her Response to Defendant's Motion to Dismiss [Doc. No. 16] that she had requested and was awaiting receipt of the complete file from the EEOC.

> A. The general purposes of this act are to provide for execution within the state of the policies embodied in the federal Civil Rights Act of 1964, the federal Age Discrimination in Employment Act of 1967, and *Section 504 of the federal Rehabilitation Act of 1973* to make uniform the law of those states which enact this act, and to provide rights and remedies substantially equivalent to those granted under the federal Fair Housing Law.

25 O.S. §1101 (emphasis added). Moreover, 25 O.S. §1901, which sets forth the procedure for filing a claim of disability discrimination, refers back to 25 O.S. §1901, the general purposes statement. These statutes, defendant asserts, make it clear that the scope of OADA's reach with respect to claims of handicap discrimination mirrors the scope of §504 of the Rehabilitation Act.

Section 504 of the Rehabilitation Act provides in pertinent part:

(a) Promulgation of rules and regulations

No otherwise qualified individual with a disability in the in the United States, as defined in section 705(2) of this title, shall solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination *under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.*

29 U.S.C. §794(a) (emphasis added). Defendant asserts that, because the general purposes statement of the Oklahoma Anti-Discrimination Act references §504 of the federal Rehabilitation Act, a claim for violation of the state law may be asserted only against employers who are federal agencies or receive federal funds.

Defendant's argument is–as plaintiff observes–novel. Defendant cites no case authority for this proposition, and the court has found none.[2] However, while the issue has not, to the

---

[2] The only case cited by defendant is *Schrader v. Fred A. Ray, M.D., P.C.,* 296 F.3d 968, 971 (10th Cir. 2002), in which the Tenth Circuit, in discussing the federal Rehabilitation Act, stated, "This statute makes available a private right of action to qualified individuals who have been subjected to employment discrimination under any program or activity receiving Federal financial assistance." In *Schrader,* no claim for violation of the Oklahoma Anti-Discrimination

6

court's knowledge, been directly addressed by *any* state or federal court, many cases have been maintained by plaintiffs claiming violation of the Oklahoma Anti-Discrimination Act against employers who were neither federal agencies nor were alleged to have received federal funds. *See, e.g., Milton v. Scrivner, Inc.,* 53 F.3d 1118 (10th Cir. 1995); *Katzer v. Baldor Electric Company,* 969 F.2d 935 (10th Cir. 1992); *White v. York International Corporation,* 874 F.Supp. 342 (W.D. Okla. 1993)*; Mendenhall v. Koch Service, Inc.,* 872 F.Supp. 907 (N.D. Okla. 1993), *rev'd on other grounds*, 37 F.3d 1509 (10th Cir. 1994) (unpublished opinion).

Absent any authority supporting the assertion that only federal agencies or recipients of federal funds can be sued for violating the state Anti-Discrimination Act, the court must reject defendant's motion to dismiss the claim.

### III. Conclusion

Defendant's Motion to Dismiss plaintiff's first claim for relief pursuant to Fed.R.Civ.P. 12(b)(1) for failure to exhaust administrative remedies will be deferred pending submission by the parties of supplemental evidentiary material. Such submissions–if any–are to be made on or before November 19, 2010.

Defendant's Motion to Dismiss plaintiff's third claim for relief pursuant to Rule 12(b)(6) is hereby denied.

ENTERED this 10th day of November, 2010.

*[signature]*
Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

---

Act was asserted.

7